THOMPSON, Judge.
The Administrator of the Florida State Hospital appeals the orders dismissing his requests for continued involuntary placement of appellees, who were patients at Florida State Hospital. For the reasons enunciated below we affirm the dismissals of the requests for continued involuntary placement of all the appellees except Walter Starnes.
Appellant filed requests for continued involuntary placement of each appellee. Pursuant to § 394.467(4)(a), Fla.Stat. (1981), such requests are to be filled prior to the expiration of the period during which the treatment facility is authorized to retain the patient.” Since the hearing officer found that each of the requests was untimely filed, he dismissed each request for lack of jurisdiction. Appellant argues that this was error. Since the requests for continued involuntary placement. of each appellee, with the exception of appellee Starnes, were filed after the expiration of each ap-pellee’s previous placement period, we find that the hearing officer properly dismissed each request except the request relating to appellee Starnes.
We agree with the appellant’s argument that the hearing officer improperly dismissed the request for continued involuntary placement of Starnes. Although the involuntary placement of Starnes for a period not to exceed six months was ordered by the circuit court on May 14,1981, according to appellant’s request for such placement, Starnes was not admitted to Florida State Hospital until May 19, 1981. Accordingly, the request for continued involuntary placement of Starnes, filed November 17, 1981, was filed within six months of his admission to the treatment facility, but was not filed within six months of the date the court signed his involuntary placement order. Since § 394.467(2), Fla.Stat., relating to admission to a treatment facility on an involuntary basis, indicates that a patient may be retained by the facility for “a period not to exceed 6 months from the date of admission,” and since the order does not state otherwise, we find that Starnes’ placement period did not end until six months from the date he was admitted to Florida State Hospital. Accordingly, the request for continued involuntary placement of Starnes was timely filed on November 17, 1981.
In conclusion, we affirm the dismissal of each request for continued involuntary placement except for the dismissal of the request as to Starnes. However, we stay the issuance of the mandate for thirty days from the date that it would otherwise issue under Fla.R.App.P. 9.340 so that the appellant may have an opportunity to seek involuntary placement of the patients involved herein under § 394.467, Fla.Stat., if such action is felt to be necessary and advisable.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.